UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                 No.  13-CR-521-LTS-4

DENNIS GOGEL,

        Defendant.

--------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

The Court has received Defendant Dennis Gogel's pro se motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A) (docket entry no. 775 ("Motion")) and his associated request for the appointment of counsel (docket entry no. 773).  On January 13, 2015, upon pleading guilty, Mr. Gogel was convicted of conspiring to import cocaine into the United States, in violation of 21 U.S.C. sections 963 and 959(c); conspiring to murder a law enforcement agent and a person assisting a law enforcement agent, in violation of 18 U.S.C. sections 1117, 1114, and 3238; conspiring to possess a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. sections 1512(k), (h), (a)(1)(C), and 3238; and conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine aboard a U.S.-registered aircraft, in violation of 18 U.S.C. sections 964(o) and 3238.  (Docket entry no. 205.)  On September 24, 2015, Mr. Gogel was sentenced to a total of 240 months of imprisonment followed by 5 years of supervised release.  (<u>Id</u>.)  At the request of the defense, the Court recommended to the Bureau of Prisons ("BOP") and to the Department of Justice that Mr. Gogel be permitted to transfer to Germany, his home country, to serve his sentence.  (<u>See</u> docket entry no. 308 ("Sentc. Tr.") at 28-30, 39.)  Mr. Gogel has since applied several times for such a transfer, but his applications have thus far been denied.  Mr. Gogel is currently incarcerated at

Bennettsville Federal Correctional Intuition ("FCI Bennettsville"), with a projected release date of March 29, 2031.  (Docket entry no. 777, Opposition to Motion ("Opp.") at 13.)

Mr. Gogel seeks a reduction of his sentence to time served, so that he can be released to immigration custody and immediately deported to Germany and reenter the community there or, alternatively, a substantial reduction of his custodial sentence.  His principal arguments for such relief are that the BOP cannot provide him with vocational training that would qualify him to gain skilled employment when he returns to Germany after he completes his sentence (he characterizes his time spent in custody without such vocational training opportunities as "dead time"), and that he has undergone substantial rehabilitation while imprisoned.  He also seeks the appointment of counsel to assist him with this motion practice. On October 13, 2021, the Government filed its Opposition to the Motion (Opp. at 1) and, on November 10, 2021, Mr. Gogel filed his Reply (docket entry no. 785 ("Reply")).  The Court has also received a letter of support from Mr. Gogel's friend, Ms. Sabrina Pass, dated October 29, 2021, as well as a further letter from Mr. Gogel, dated November 30, 2021.  (Docket entries no. 781 and 789.)  The Court has reviewed the parties' submissions carefully and, for the following reasons, both of Mr. Gogel's motions are denied.

<u>DISCUSSION</u>

Motion for Compassionate Release

Mr. Gogel moves pursuant to 18 U.S.C. section 3582(c)(1)(A) (the "First Step Act"), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights[1] to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A).  The Court therefore considers "the factors set forth in section 3553(a) to the extent that they are applicable," and then considers, in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction.  The sentencing factors set forth in 18 U.S.C. section 3553(a) are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range . . . ; (5) any pertinent policy statement [issued by the Sentencing Commission in effect on the date the defendant is sentenced]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

---

[1]     Mr. Gogel asserts that he has exhausted his administrative remedies because he submitted his Motion to the Warden at FCI Bennettsville and did not receive a response.  The Government argues that submitting the Motion did not truly qualify as exhaustion, as the Motion was in reality a request for international prisoner transfer and not a request for compassionate release.  However, in view of Mr. Gogel's pro se status, the Government assumes that Mr. Gogel has satisfied the exhaustion requirement.  Given this concession by the Government, the Court will treat the exhaustion requirement as satisfied.  See United States v. Saladino, 7 F.4th 120, 123 (2d Cir. 2021) ("[Section] 3582(c)(1)(A)'s exhaustion requirement is a 'claim-processing rule' and accordingly 'may be waived or forfeited' by the government.") (citation omitted).

18 U.S.C. § 3553(a).

In making its determination, the Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a sentence reduction.  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A).  United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

The Court's analysis begins with a review of the section 3553(a) factors, which the Court previously considered at the time of Mr. Gogel's sentencing on September 24, 2015. As for the "nature and circumstances of the offense," the Court noted that Mr. Gogel had committed "a very serious set of offenses" involving "the planned importation of illegal narcotics into the United States as well as a sophisticated intentional conspiracy to kill both an active law enforcement officer and an individual assisting law enforcement."  (See Sentc. Tr. at 34.)  Mr. Gogel was involved in a sophisticated international criminal network, where he performed security and surveillance for a drug cartel and prepared detailed plans to assassinate a U.S. Drug Enforcement Agency ("DEA") Agent and a confidential informant.  (Id. at 27-28.) Specifically, Mr. Gogel had undertaken "bonus," or assassination work for the cartel and had been arrested while preparing to kill two individuals.

As for Mr. Gogel's "personal history and characteristics," the Court noted at sentencing that Mr. Gogel grew up in Germany, that "his mother died when he was very young and his father was largely absent," and that he was raised by his grandmother.  (Id. at 35.)  He spent several years in the German military as a youth, receiving various kinds of special training, and then used his skills to find work as a private security contractor in "high-risk international

areas." (Id.)  He became involved in the international criminal organization in 2012, signing up for work that included security operations and murder for hire.  (Id.)

The Court recognized that Mr. Gogel had completed "an impressive number of educational offerings" while detained and had "developed very impressive English language skills," and stated that Mr. Gogel seemed to be "a very intelligent, capable, and enterprising young man." (Id.)  The Court credited Mr. Gogel's expression of remorse as sincere.  (Id. at 35-36.)  However, the Court repeatedly emphasized the "very serious" nature of the crimes, noting in particular that, "but for his arrest, Mr. Gogel would have in all likelihood have attempted to accomplish his planned murder." (Id. at 36.)  Finally, the Court determined that this case presented (1) "a significant need" for just punishment, given Mr. Gogel's willingness to use his specialized skills for criminal ends; (2) a "significant need" for deterrence in order to "deter other former military service members from going down the same path"; and (3) a significant need for protection of the public, given the dangerous nature of the offense.  (Id.)  Having considered those factors, as well as others stated on the record, the Court sentenced Mr. Gogel to 240 months of imprisonment, to be followed by a five-year term of supervised release—a sentence that represented a slight downward variance from the advisory sentencing guideline range of 262 to 327 months of imprisonment.  (Id. at 33, 37-38.)

Mr. Gogel now asks the Court to reconsider the application of the section 3553(a) factors.  He states that he has engaged in "remarkable rehabilitative efforts" during the eight years that he has spent in custody, including completing almost every educational course offered at his institution, becoming fluent in English, undergoing cognitive behavior programs, tutoring other inmates to help them obtain their GEDs, working in the carpentry shop, and making a profession of religious faith.  (Reply at 8.)  He attaches to his Motion a certification from BOP

employee J. Tillman, who served as Mr. Gogel's instructor for multiple courses at FCI
Bennettsville during the first half of 2021.  (Id. at 7.)  Tillman describes Mr. Gogel as a "role
model student during class," who is "a very hard worker" and "very well behaved."  (Id.)
Instructor Tillman states that Mr. Gogel has "made a drastic change in his day to day activities
and mannerisms" and has shown "astounding . . . personal improvement" in the time that he has
known him at FCI Bennettsville.  (Id.)

        Mr. Gogel also argues that his status as a German citizen is a factor that renders
his situation unique and compelling, contending that American prisons are unable to provide him
with the specialized vocational training that he needs in order to successfully re-integrate into
German society upon his release.  He states that German prisons offer specific vocational courses
that give inmates the chance to learn a new trade which will be immediately beneficial upon
release, and that the BOP "does not offer a single vocational program which reaches a trade that
can realistically translate into a job skill [he] can use in Germany."  Mr. Gogel also emphasizes
the fact that, when convicted, he was a first-time offender with no prior criminal history.
Additionally, he notes that he has already served eight years in prison—representing over 40% of
his total criminal sentence—and asserts that the time he has already served is sufficient to deter
any future criminal conduct and still show respect for the law.  Finally, he states that he
maintains close ties with his family members and plans to live with his grandmother upon his
release, a factor that he contends is likely to reduce the possibility of recidivism.  Immediate
release from custody and return to Germany would, he argues, be in his best interests.

        The Court concludes that these circumstances do not, individually or collectively,
present extraordinary and compelling reasons for compassionate release.  To begin with, while
the Court commends Mr. Gogel for the impressive rehabilitation efforts that he has undertaken

while incarcerated, rehabilitation alone is insufficient to merit compassionate release, and the Court specifically finds it insufficient in light of the nature and circumstances of Mr. Gogel's crime. "The only statutory limit on what a court may consider to be extraordinary and compelling is that rehabilitation alone shall not be considered an extraordinary and compelling reason." Brooker, 976 F.3d at 238 (citation and quotation omitted). See also United States v. Nwankwo, No. 12-CR-31-VM, 2020 WL 7335287, at *3 (S.D.N.Y. Dec. 14, 2020) (concluding that "[Defendant's] rehabilitative efforts [were] certainly commendable, but they do not, either alone or in combination with the other circumstances he cites, meet the extraordinary and compelling standard") (internal marks omitted).

As for his arguments regarding vocational training, Mr. Gogel does not provide any materials or documentation to support his claims that BOP does not offer *any* training which might translate into a job skill he could use in Germany. Even assuming *arguendo* that his assertion is true, the lack of access to specialized job training does not qualify as an exceptional circumstance differentiating him from any other inmate. See, e.g., United States v. Castillo, No. 03-CR-979-KMW, 2021 WL 268638, at *4 (S.D.N.Y. Jan. 27, 2021) ("[Defendant] has not demonstrated, however, that his lack of access to programming differentiates him from other inmates in federal custody, nor has he presented other factors that would make his confinement uniquely difficult."). Likewise, the fact that Mr. Gogel is a German citizen serving his sentence in the United States is also not exceptional. See United States v. Rosas-Lozano, No. 3:17-CR-00209-JO-2, 2021 WL 3141507, at *2 (D. Or. July 23, 2021) ("Because Defendant's status as a removable alien is not unusual, his immigration status, without more, is not an extraordinary and compelling reason for granting compassionate release.").

The Court also notes that all of these factors—including Mr. Gogel's determination to engage in rehabilitation, his lack of prior criminal history, and his status as a German citizen—were known to the Court at the time of the sentencing and were taken into account in fashioning the sentence imposed.  Moreover, the Court cannot ignore the seriousness of Mr. Gogel's crimes.  Mr. Gogel cheerfully joined a sophisticated international criminal network, where he performed security work for a drug cartel and engaged in thorough planning for the murder of a government agent and a confidential informant—plans which he most likely would have implemented had he not been arrested in time.  The deeply serious nature of this crime counsels in favor of a continued lengthy sentence in order to protect the public, deter future wrongful conduct, and promote just punishment.

Finally, there is the fact of Mr. Gogel's disciplinary history.  As noted by the Government, Mr. Gogel has amassed a not-insignificant number of disciplinary infractions while in prison, including citations for: phone abuse; destruction of property; possession of marijuana; threatening bodily harm against another inmate; refusing to obey orders; and possessing a dangerous weapon.  (Opp. at 20.)  These infractions were committed during the years 2013 through 2020.  Mr. Gogel admits that his disciplinary history is not ideal, but maintains that these infractions were all incurred while he was still adjusting to the prison environment and attempting to "fit in."  (Motion at 4.)  He asserts that none of his disciplinary incidents involved acts of violence, and that as of November 2021 he has been incident-free for one and one-half years and "is determined to stay that way."  (Reply at 8.)  While Mr. Gogel's recent behavioral changes and his instructor's comments are positive signs of progression toward change, the Court is not persuaded that they are indicative of a significantly reduced risk of recidivism.  See United States v. Rhodes, No. 18-CR-373-RJS, 2021 WL 122969, at *4 (S.D.N.Y. Jan. 13, 2021)

(denying compassionate release in part due to defendant's "numerous disciplinary infractions while incarcerated, many of which he received this year").  This conclusion is also consistent with the BOP's analysis of Mr. Gogel's behavior—based on this history of infractions and the seriousness of his crime, the BOP continues to categorize Mr. Gogel as a "medium" recidivism risk and a "medium" security classification level.  (Opp. Exhibit D at 2.)

Having considered all of the facts presented, the section 3553(a) factors and the provisions of the First Step Act, and Mr. Gogel's arguments, the Court concludes that Mr. Gogel has not demonstrated that his circumstances present extraordinary and compelling reasons warranting immediate release or a reduction of his sentence at this time.  Accordingly, the Motion is denied.

Request for the Appointment of Counsel

Mr. Gogel requests the appointment of counsel to assist him in his request for release or transfer, asserting that the complexity of this request necessitates professional guidance.  Although a defendant "has no right to the assistance of counsel in filing a motion for compassionate release," United States v. Fleming, 5 F.4th 189, 193 (2d Cir. 2021), the Court may nevertheless appoint such counsel "for an indigent party in the Court's discretion, which should be exercised bearing in mind . . . the merits of the indigent's claim," United States v. Collado, No. 14-CR-731-LTS, 2021 WL 3023685, at *1 (S.D.N.Y. July 16, 2021).  The issues presented by the Motion here are not complex and, as explained above, the Court has determined that the relief Mr. Gogel seeks is not warranted.  For these reasons, his request for the appointment of counsel is denied.  See United States v. Lewis, No. 17-CR-28-FPG, 2021 WL 790311, at *1 (W.D.N.Y. Mar. 2, 2021) ("Concerning Defendant's request for appointment of

counsel, the Court denies the motion because, as discussed below, his substantive motions [for compassionate release] lack merit.").

<u>Conclusion</u>

For the reasons set forth above, Mr. Gogel's motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A) is denied, as is his motion for the appointment of counsel. The Court will also enter an Order on Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), certifying the denial of the Motion. Copies of this Memorandum Order and the Order on Motion will be mailed to Mr. Gogel. Docket entries no. 773 and 775 are resolved.

SO ORDERED.

Dated: New York, New York
         December 8, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copy to be mailed to:**
Dennis Gogel
Reg. No. 69264-054
FCI Bennettsville
Federal Correctional Institution
P.O. Box 52020
Bennettsville, SC 29512